UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | Criminal No. 03:09 cr 266 (CFD) |
| | : | |
| GREGORY RUSSELL | : | |
| | : | |

**RULING ON MOTION TO SEQUESTER**

At the pretrial conference in this case, defendant Gregory Russell requested that the Court sequester witnesses pursuant to Rule 615 of the Federal Rules of Evidence. The government filed a subsequent memorandum in opposition to this request, seeking that Task Force Officer Christopher Broems ("Officer Broems") of the Stamford Police Department be allowed to remain in the courtroom as the government's case agent. For the following reasons, the Court grants in part the defendant's request to sequester witnesses, but denies the defendant's request with respect to Officer Broems.

**I.     Background[1]**

Officer Broems will serve as the government's case agent, a responsibility that requires him to help the government organize and present evidence at trial. Among other tasks, Officer Broems will supervise and safeguard the government's physical evidence, including narcotics, ammunition, a firearm, a box cutter, and other items. He also has assisted the government in trial preparation, and will continue to advise the government during trial.

---

[1] Unless stated otherwise, these facts are taken from the government's memorandum in opposition to the defendant's request.

In addition to acting as case agent, Officer Broems will also testify. His testimony will discuss his involvement in the defendant's arrest on June 25, 2007 and the interception of wiretap communications that allegedly involve the defendant. Other law enforcement officers will testify to their own observations of the defendant's arrest. Though the government has not yet finalized the order in which it plans to call witnesses, the government has indicated that Officer Broems will not testify first. As a result, unless Officer Broems is sequestered, he will most likely hear factual testimony about the defendant's arrest from his fellow officers before he takes the stand.

## II.     Legal Standards

Under the Federal Rules of Evidence, the Court will sequester witnesses upon the request of one of the parties, "so that [the witnesses] cannot hear the testimony of the other witnesses." Fed. R. Evid. 615. Sequestration is rooted in two common law goals: preventing witnesses from tailoring their testimony to match that of earlier witnesses and isolating untruthful testimony. See Geders v. United States, 425 U.S. 80, 87 (1976). However, this Rule contains several exceptions. The Court is not required to exclude a party, or "an officer or employee of a party which is not a natural person designated as its representative by its attorney, or ... a person whose presence is shown by a party to be essential to the presentation of the party's cause." Fed. R. Evid. 615. In addition, the Court may only decline to grant a sequestration request pursuant to one of these exceptions detailed in the Rules. See United States v. Jackson, 60 F.3d 128, 135 (2d Cir. 1995).

In ruling on a request to sequester pursuant to Rule 615, the court should consider several

factors: whether the testimony in question will involve controverted and material facts, whether the information is of the type that is normally subject to "tailoring," the extent to which the testimony in question will encompass the same issues as other witnesses, the order in which the witnesses will testify, any motivation on the part of the witness to modify his or her testimony, and, if Rule 615(3) applies, whether the witness' testimony is "essential" or merely desirable. Jackson, 60 F.3d at 135.

### III.    Discussion

Generally, it is within the trial court's discretion "to exempt the government's chief investigative agent from sequestration." United States v. Rivera, 971 F.2d 876, 889 (2d Cir. 1992). Under Rule 615(2), this type of agent-witness is a proper "representative" of the government. See id. Furthermore, in rare cases, multiple agents have been excluded from a sequestration order and allowed to remain in the courtroom. See Jackson, 60 F.3d at 134. This case fits squarely within the Rule 615 exemption allowing a "representative" for one party to remain in the courtroom during the testimony of other witnesses.

Additionally, the Jackson factors counsel in favor of allowing Officer Broems to remain in the courtroom. The most immediate danger introduced by his presence in the courtroom is that a portion of his own testimony will touch upon disputed facts concerning the defendant's arrest. In fact, Officer Broems will most likely testify after several of his fellow officers have testified to their own perceptions and recollections regarding those events. See Government's Trial Memo Re: Defendant's Request for Sequestration of Case Agent, Criminal Action No. 3:09-cr-266, Dkt. # 53, p. 5. However, Officer Broems has made a prior written statement

regarding the defendant's arrest, as well as testified before the grand jury. Should his testimony at trial differ from his prior statement and testimony, the defendant will have the opportunity to cross-examine him about any inconsistencies. The fact that Officer Broems will be subject to cross-examination lessens any danger of fabrication or "tailoring" that is otherwise posed by his presence in the courtroom during the testimony of other officers.

This decision to deny the defendant's request as to Officer Broems is without prejudice to the defendant making a renewed request which demonstrates the necessity of Officer Broems' sequestration. See Jackson, 60 F.3d at 135.

### IV. Conclusion

Pursuant to the Federal Rules of Evidence, the Court grants the defendant's request to sequester witnesses, with the exception of Officer Broems.

**SO ORDERED** this 23rd day of February 2010 at Hartford, Connecticut.

/s/ Christopher F. Droney

CHRISTOPHER F. DRONEY
United States District Judge